UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| In Re:<br>**Breon Devon Bunting   and Shameina Shonja Bunting** | **PROPOSED CHAPTER 13 PLAN** |
| Social Security Nos.:   xxx-xx-3420 & xxx-xx-3924 | Case No.  _____<br>Chapter   13 |
| Address: 7609 Channery Way , Raleigh, NC 27616 | |
| Debtors. | |

The Debtors propose an initial plan, which is subject to modification, as follows:

This document and the attached CH. 13 PLAN - DEBTS SHEET (EASTERN) shall, together, constitute the proposed plan; and all references herein are to corresponding sections of said attached document.  The terms and conditions of this proposed plan shall control and apply except to the extent that they contradict the terms and conditions of the order confirming the Chapter 13 plan entered by this Court in this case:

1. **Payments to the Trustee**:   The Debtors propose to pay to the Trustee from future earnings consecutively monthly payments, for distribution to creditors after payment of costs of administration.  See "**PROPOSED PLAN PAYMENT**" section for amount of monthly payment and the duration. Actual duration will be determined in accordance with the provisions set forth in the Paragraph 2 below.
2. **Duration of Chapter 13 Plan**: This plan shall be 60 months long (for "over median" cases) and 36 months long (for "under median" cases).
3. **Payments made directly to creditors**:   The Debtors propose to make regular monthly payments directly to the following creditors:   See "**RETAIN COLLATERAL & PAY DIRECT OUTSIDE PLAN**" section.  It shall not be considered a violation of the automatic stay if, after the bankruptcy filing, a secured creditor sends to the Debtors  <u>payment coupon books</u>  or  <u>monthly payment invoices</u> with respect to debts set forth  in this section of the plan.
4. **Disbursements by the Trustee**: The Debtors propose that the Trustee make the following distributions to creditors holding allowed claims, after payment of costs of administration as follows:  See "**INSIDE PLAN**" section.  More specifically:
    a. The following secured creditors shall receive their regular monthly contract payment: See "**LTD - Retain / DOT on Principal Res./Other Long Term Debts**" section. At the end of the plan, the Debtors  will resume making payments directly to the creditor on any such debt not paid in full during the life of the plan.
    b. The following secured creditors shall be paid in full on their arrearage claims over the life of the plan on a pro-rata basis with other secured claims (not including LTD claims): See "**Arrearage Claims**" section.
    c. The following creditors have partially secured and partially unsecured claims.  The secured part of the claim shall be paid in full over the life of the plan on a pro-rata basis with other secured claims (not including LTD claims): See "**STD - Retain/Secured Debts (Paid at FMV)**" and "**Secured Taxes**" sections.
    d. The following secured creditors shall be paid in full over the life of the plan on a pro-rata basis with other secured claims (not including LTD claims):  See "**STD - Retain / Secured Debts & 910 Vehicles (Pay 100%)**" section.
    e. The following priority claims shall be paid in full by means of deferred payment: See "**Unsecured Priority Debts**" section.
    f. The following co-signed claims shall be paid in full, <u>plus interest at the contract rate</u>, by means of deferred payments: See "**Cosign Protect Debts (Pay 100%)**" section.
    g. After payment of allowed costs of administration, priority and secured claims, the balance of the funds paid to the Trustee shall be paid to allowed, general unsecured, non-priority claims.  See "**General Unsecured Non-Priority Debts**" section.
5. **Property to be surrendered**:   The Debtors propose to retain all property serving as collateral for secured claims, except for the following property, which shall be surrendered to the corresponding secured creditor(s): See "**SURRENDER COLLATERAL**" section.  Unless an itemized Proof of Claim for any deficiency is filed within 120 days after confirmation of this plan, said creditor shall not receive any further disbursement from the trustee.  Any personal property  serving as collateral for a secured claim which is surrendered, either  in the confirmation order or by other court order, which the  lien holder does not take possession of within 240 days of the entry of such order shall be deemed abandoned and said lien cancelled.
6. **Executory contracts**: The Debtors propose to assume all executory contracts and leases, except those specifically rejected.  See "**REJECTED EXECUTORY CONTRACTS / LEASES**" section.
7. **Retention of Consumer Rights Causes of Action**: Confirmation of this plan shall constitute a finding that the Debtors do not waive, release or discharge but rather retain and reserve for themselves and the Chapter 13 Trustee any and all pre-petition claims and any and all post-petition claims that they could or might assert against any party or entity arising under or otherwise related to any state or federal consumer statute or under state or federal common law including but not limited to fraud, misrepresentation, breach of contract, unfair and deceptive acts and practices, retail installment sales act violations, Truth in Lending violations, Home Equity

Protection Act violations, Real Estate Settlement Protection Act violations, Fair Debt Collection Practices Act violations, Fair Credit Reporting Act violations, Equal Credit Opportunity Act violations, Fair Credit Billing Act violations, Consumer Leasing Act violations, Federal Garnishment Act violations, Electronic Funds Transfer Act violations, and any and all violations arising out of rights or claims provided for by Title 11 of the United States Code, by the Federal Rules of Bankruptcy Procedure, or by the Local Rules of this Court.

8. **Standing for Consumer Rights Causes of Action**: Confirmation of this plan shall vest in the Debtors full and complete standing to pursue any and all claims against any parties or entities for all rights and causes of action provided for under or arising out of Title 11 of the United States Code including but not limited to the right to pursue claims for the recovery of property of this estate by way of turnover proceedings, the right to recover pre-petition preferences, the right to pursue automatic stay violations, and the right to pursue discharge violations.

9. **Termination of Liens:** Upon the full payment of a secured party's underlying debt determined under non-bankruptcy law or the granting of a discharge pursuant to 11 U.S.C. § 1328, the secured party shall within 10 days after demand and, in any event, within 30 days, execute a release of its security interest on the property securing said claim. In the case of a motor vehicle, said secured creditor shall execute a release on the title thereto in the space provided therefore on the certificate or as the Division of Motor Vehicles prescribes, and mail or deliver the certificate and release to the Debtors or the Debtors' Attorney. Confirmation of this plan shall impose an affirmative and direct duty on each such secured party to comply with the provision and upon failure to so comply. This provision may be enforced in a proceeding filed before the Bankruptcy Court and each such creditor consents to such jurisdiction by failure to file any timely objection to this plan. Such an enforcement proceeding may be filed by the Debtors in this case either before or after the entry of the discharge order and either before or after the closing of this case. The Debtors specifically reserve the right to file a motion to reopen this case under 11 U.S.C. § 350 to pursue the rights and claims provided for herein.

10. **Jurisdiction for Non-Core Matters**: Confirmation of this plan shall constitute the expressed consent by any party in interest in this case, or any one or more of them, including all creditor or other parties duly listed in Schedules D, E, F, G, and H, or any amendments thereto, to the referral of a proceeding related to a case under Title 11 of the United States Code to a Bankruptcy Judge to hear and determine and to enter appropriate orders and judgments as provided for by 28 U.S.C. § 157(c)(2).

11. **Obligations of Mortgagors**: Confirmation of this plan shall impose an affirmative duty on the holders of all claims secured by mortgages or deeds of trust on real property of this estate to:
    a. Pursuant to 11 U.S.C. § 1326, adequate protection payments shall not be made on allowed secured claims secured by real property prior to confirmation. This provision shall not preclude such a claim-holder from requesting additional adequate protection pursuant to 11 U.S.C. § 362(d);
    b. Apply any payments received from the Trustee under the plan as the same is designated by the Trustee only to the pre-petition arrears provided for in the confirmed plan;
    c. Apply any payments received from the Trustee under the plan as the same is designated by the Trustee, that is to either pre-petition interest or pre-petition principal as the case may be;
    d. Apply all post-petition payments received from the Chapter 13 Trustee under the plan as the same is designated by the Trustee, to the post-petition mortgage obligations of the Debtors for the actual months for which such payments are designated;
    e. Apply all post-petition payments received directly from the Debtors to the post-petition mortgage obligations due;
    f. Refrain from the practice of imposing late charges when the only delinquency is attributable to the pre-petition arrears included in the plan;
    g. Refrain from the imposition of monthly inspection fees or any other type of bankruptcy monitoring fee without prior approval of the Bankruptcy Court after notice and hearing;
    h. Refrain from the imposition of any legal or paralegal fees or similar charges incurred following confirmation without prior approval of the Bankruptcy Court after notice and hearing;
    i. Pursuant to 12 U.S.C. § 2609, 15 U.S.C. § 1602, and all other applicable state, federal and contractual requirements, promptly notify the Debtors, the Debtors' Attorney and the Chapter 13 Trustee of any adjustment in the on-going payments for any reason, including, without limitation, changes resulting for Adjustable Rate Mortgages and/or escrow changes. The Debtors specifically agree that provision of such notice shall not constitute a violation of 11 U.S.C. § 362;
    j. Pursuant to 11 U.S.C. § 524 and all other applicable state and federal laws, verify, at the request of the Debtors, Debtors' Attorney or Chapter 13 Trustee, that the payments received under the confirmed plan were properly applied;
    k. Pursuant to N.C.G.S. § 45-91 and all other applicable state, federal and contractual requirements notify the Debtors, the Debtors' Attorney and the Chapter 13 Trustee with notice of the assessment of any fees, charges etc. The Debtors specifically agree that provision of such notice shall not constitute a violation of 11 U.S.C. § 362; and
    l. This provision of this plan may be enforced in a proceeding filed before the Bankruptcy Court and each such secured creditor consents to such jurisdiction by failure to file any timely objection to this plan. Such an enforcement proceeding may be filed by the Debtors in this case either before or after the entry of the discharge order and either before or after the closing of this case. The Debtors specifically reserve the right to file a motion to reopen this case under 11 U.S.C. § 350 to pursue the rights and claims herein.

12. **Arbitration**: Acceptance by creditors of payments under this plan and/or failure of any creditor to file an objection to confirmation of the plan herein, constitutes waiver of any right(s) of said creditor(s) to seek enforcement of any arbitration agreement and constitutes consent to the removal of any arbitration clause from any type of contract or contracts with the Debtors herein during the pendency of this case.

13. **Post-petition tax claims**: The Debtors' plan shall provide for full payment of any post-petition tax claim filed by the Internal Revenue Service which are allowed pursuant to 11 U.S.C. § 1305 (b), unless the Internal Revenue Service, after a good faith consideration of

the effect such a claim would have on the feasibility of the Debtors' Chapter 13 plan, specifically agrees to a different treatment of such claim. However, any future modification of the Debtors' plan to provide for full payment of any allowed post-petition tax claim shall only occur after the filing of a motion requesting a modification of the plan to that effect.

14. **Offers in Compromise**: The Internal Revenue Service shall, pursuant to I.R.C. §7122 (a) (2002) and 11 U.S.C. §§105 and 525 (a), and notwithstanding any provisions of the Internal Revenue Manual, consider any properly tendered Offer in Compromise by the Debtors. This provision shall not be construed to require the Internal Revenue Service to accept any such Offer in Compromise, but the Internal Revenue Service shall consider such Offer in Compromise as if the Debtors were not in an on-going bankruptcy. In the event that an Offer in Compromise is accepted by the Internal Revenue Service and any tax obligation is reduced, the Chapter 13 Trustee shall review the Chapter 13 payment to determine if a reduction in the plan payment is feasible.
15. **Adequate Protection Payments**: The Debtors propose that all pre-confirmation adequate protection payments be paid as follows:
    a. Not later than 30 days after the date of the order for relief, the Debtors shall commence paying directly to the lessor all payments scheduled in a lease of personal property or portion thereof that become due after the said order for relief. Absent a timely objection to confirmation of the proposed plan, it shall be presumed that the Debtors have made such payments as required by 11 U.S.C. § 1326(a)(1)(B) of the Bankruptcy Code.
    b. All pre-confirmation adequate protection payments required by 11 U.S.C. § 1326(a)(1)(c) payable to a creditor holding an allowed claim secured by personal property, to the extent that the claim is attributable to the purchase of such property by the Debtors shall be disbursed by the Chapter 13 Trustee.
    c. Each creditor entitled to receive a pre-confirmation adequate protection payment pursuant to 11 U.S.C. § 1326(a)(1)(c) shall be paid each month the amount set forth in the column entitled "Adequate Protection". These amounts shall equal **1.00%** of the FMV of the property securing the corresponding creditor's claim **or** 1% of the payoff balance of said claim, whichever is less.
    d. The principal amount of the adequate protection recipient's claim shall be reduced by the amount of the adequate protection payments remitted to the recipient.
    e. All adequate protection payments disbursed by the Chapter 13 Trustee shall be subject to an administrative fee in favor of the Trustee equal to the Trustee's statutory percentage commission then in effect, and the Trustee shall collect such fee at the time of the distribution of the adequate protection payment to the creditor.
    f. All adequate protection payments disbursed by the Chapter 13 Trustee shall be made in the ordinary course of the Trustee's business from funds in this case as they become available for distribution.
    g. No adequate protection payment to a creditor who is listed in the plan as a secured creditor shall be required until a proof of claim is filed by such creditor which complies with Rule 3001 of the Federal Rules of Bankruptcy Procedure.
    h. The Trustee shall not be required to make pre-confirmation adequate protection payments on account of any claim in which the collateral for such claim is listed in the plan as having a value of less than $2,000.00.
    i. The names, addresses and account numbers for each secured creditor entitled to receive a pre-confirmation adequate protection payment as set forth on Schedule D filed in this case are incorporated herein, as if set forth herein at length.
16. **Interest on Secured Claims**:
    a. Arrearage: No interest shall accrue on any arrearage claim.
    b. Secured Debts Paid at FMV: The lesser of Trustee's interest rate (set pursuant to *In re Till*) and the contract interest rate.
    c. Secured Debts Paid in Full:
        i. Regarding "910 vehicle" claims: Pursuant to 11 U.S.C. §1322, interest only to the extent that the value, as of the effective date of the plan (hereinafter the "Time Value"), of the motor vehicle exceeds the amount of the claim. The Time Value shall be the total of the payments to amortize the FMV of the motor vehicle, defined as the N.A.D.A. Retail, at the Trustee's interest rate over the total length of the Chapter 13 plan.
        ii. All other secured claims: The lesser of the Trustee's interest rate and the contract interest rate.
17. **Debtors' Attorneys' Fees**: In the event that the Trustee has, at the time of Confirmation, funds in excess of any amounts necessary to make adequate protection payments to holders of allowed secured claims for personal property, specifically excluding payments for real property due between the filing of the petition and Confirmation, all such funds shall be paid towards unpaid Debtors' Attorneys' fees.
18. **Non-Vesting:** If this bankruptcy was filed within 12 months after the dismissal of a prior bankruptcy case filed by the Debtors, property of the estate shall NOT re-vest in the Debtors upon confirmation of the Chapter 13 plan, but only with respect to any existing creditor who, prior to the filing of this case, took an "action" within the meaning of that term for purposes of 11 U.S.C. § 362(c)(3)(A).
19. **Real Estate Taxes** Real estate taxes that are paid by the Debtors through an escrow account as part of any direct mortgage payment, or as part of a conduit payment made by the Trustee, shall continue to be paid by the Debtors through such escrow account and shall be disbursed by the servicer from such escrow account. They shall not be made separately by the Trustee.
20. **Transfer of Mortgage Servicing**: Pursuant to 12 U.S.C. § 2605(f), in the event that the mortgage servicing for any of the Debtors' mortgages is transferred during this case, notice of such transfer of service shall be provided to the Debtors, the Debtors' Attorney and the Chapter 13 Trustee within thirty (30) days. Such notice shall include the identity of the new servicer, the address and a toll-free telephone number for the new servicer, instructions on whom to contact with authority regarding such servicing, and the location where the transfer of mortgage servicing is recorded.
21. **401K Loans**: Upon payment in full of a 401K plan loan, the Debtors shall increase Debtors' 401K plan contributions by an amount equal to the amount that was being paid on said 401K loan.
22. **Non-Disclosure of Personal Information**: Pursuant to NCGS 75-66 and other state and federal laws, the Debtors object to the disclosure of any personal information by any party, including without limitations, all creditors listed in the schedules filed in this case.

23. **Other provisions of plan (if any)**: See "OTHER PROVISIONS" section.

**Definitions**

| | |
|---|---|
| **LTD**: | Long Term Debt and refers to both: (1) Debts which cannot be modified due to 11 U.S.C. § 1322(b)(2), and (2) Debts where modification in the plan will not result in a payment lower than the contract payment. |
| **STD:** | Short Term Debt and refers to debts where the months left on the contract are less than or equal to 60 months. |
| **Retain:** | Means the Debtors intend to retain possession and/or ownership of the collateral securing a debt. |
| **910:** | Means and refers to the purchase money security interest portion of a claim secured by a motor vehicle, where the motor vehicle was acquired within 910 days before the filing of the bankruptcy case for the personal use of the Debtors. |
| **Sch D #:** | References the number of the secured debt as listed on Schedule D. |
| **Int. Rate:** | Means Interest Rate to be paid a secured claim. |

Dated: _____

                                                                                             s/ Breon Devon Bunting
                                                                                             Breon Devon Bunting

                                                                                             s/ Shameina Shonja Bunting
                                                                                             Shameina Shonja Bunting

(rev.  7/19/16)

# CH. 13 PLAN - DEBTS SHEET
(EASTERN DISTRICT- LOGAN - PLILER VERSION)

**Date:** 7/7/17
**Lastname-SS#:** Bunting-3924

## RETAIN COLLATERAL & PAY DIRECT OUTSIDE PLAN

| | Creditor Name | Sch D # | Description of Collateral |
|---|---|---|---|
| Retain | Ditech | 3 | Fathers Home |
| | SECU/ Bryson Village HOA | 8/1 | House and Lot |
| | Engs Commercial Fin. | 4 | 2013 Prostar |
| | Northumberland County Tax | 5 | Fathers Home |
| | Wake County Tax | 12 | House and Lot |

## SURRENDER COLLATERAL

| Creditor Name | Description of Collateral |
|---|---|
| PNC | Rental Prop |
| City of Hampton | Rental Prop |

## ARREARAGE CLAIMS

| | Creditor Name | Sch D # | Arrearage Amount | |
|---|---|---|---|---|
| Retain | Ditech | 3 | $1,900 | |
| | SECU/ Bryson Village HOA | 8/1 | | |
| | Engs Commercial Fin. | 4 | $1,274 | |
| | Northumberland County Tax | 5 | | |
| | Wake County Tax | 12 | | |

## REJECTED EXECUTORY CONTRACTS/LEASES

| Creditor Name | Description of Collateral |
|---|---|

## LTD - DOT ON PRINCIPAL RESIDENCE & OTHER LONG TERM DEBTS

| | Creditor Name | Sch D # | Monthly Contract Amount | Int. Rate | Adequate Protection | Minimum Equal Payment | Description of Collateral |
|---|---|---|---|---|---|---|---|
| Retain | | | | N/A | n/a | | |
| | | | | N/A | n/a | | |
| | | | | N/A | n/a | | |
| | | | | N/A | n/a | | |

## STD - SECURED DEBTS @ FMV

| | Creditor Name | Sch D # | FMV | Int. Rate | Adequate Protection | Minimum Equal Payment | Description of Collateral |
|---|---|---|---|---|---|---|---|
| Retain | SECU | 11 | | 6.00 | | | Cross Coll - Accord |
| | SECU | 9 | $4,028 | 6.00 | $40 | $143.54 | Cross Coll - Yukon |
| | | | | 6.00 | | | |
| | | | | 6.00 | | | |

## STD - SECURED DEBTS @ 100%

| | Creditor Name | Sch D # | Payoff Amount | Int. Rate | Adequate Protection | Minimum Equal Payment | Description of Collateral |
|---|---|---|---|---|---|---|---|
| Retain | SECU | 7 | $19,795 | 6.00 | $159 | $705.39 | 2013 Honda Accord |
| | SECU | 10 | $8,797 | 6.00 | $88 | $313.48 | 2007 GMC Yukon |
| | | | | 6.00 | | | |
| | | | | 6.00 | | | |
| | | | | 6.00 | | | |

| | Amount |
|---|---|
| **ATTORNEY FEE (Unpaid part)** | |
| Law Offices of John T. Orcutt, P.C. | $4,750 |
| **SECURED TAXES** | Secured Amt |
| IRS Tax Liens | |
| Real Property Taxes on Retained Realty | |
| **UNSECURED PRIORITY DEBTS** | Amount |
| IRS Taxes | $3,399 |
| State Taxes | |
| Personal Property Taxes | |
| Alimony or Child Support Arrearage | |
| **CO-SIGN PROTECT (Pay 100%)** | Int.% / Payoff Amt |
| All Co-Sign Protect Debts (See*) | |
| **GENERAL NON-PRIORITY UNSECURED** | Amount |
| DMI= $457 | $27,420 |

### PROPOSED CHAPTER 13 PLAN PAYMENT

$ **1,394** per month for **60** months

**Codes:**
Sch D # = The number of the secued debt as listed on Schedule D.
Adequate Protection = Monthly 'Adequate Protection' payment amt.
* Co-sign protect on all debts so designated on the filed schedules.

(Page 4 of 4)
Ch13Plan_ED_Logan (Pliler) Version (6/2/14)  © LOJTO

### Other Miscellaneous Provisions
Adequate Protection payment: If FMV is greater than payoff balance on claim secured on personal property, creditor will be paid 1% of payoff balance, Instead of 1% of FMV.